UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER RAE JOHNSON,

    Plaintiff,

v.

VHS OF MICHIGAN, INC.,

    Defendant.
_____/

Case No. 17-cv-14150
Hon. Matthew F. Leitman

**ORDER (1) DISMISSING COUNT II OF PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE AND (2) TERMINATING DEFENDANT'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT (ECF #10) AS MOOT**

In this action, Plaintiff Heather Rae Johnson alleges that Defendant VHS of Michigan, Inc. violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA") and the Michigan Collections Practices Act, Mich. Comp. Laws § 445.251 *et seq.* (the "MCPA") when VHS repeatedly called her cellular phone attempting to collect a debt owed by a woman Johnson does not know. (*See* Compl., ECF #1.) VHS has now moved to dismiss Johnson's state-law claims under the MCPA. (*See* Mot., ECF #10.) For the reasons stated below, the Court declines to exercise supplemental jurisdiction over those claims. The Court therefore **DISMSISES** Johnson's MCPA claims **WITHOUT PREJUDICE** and **TERMINATES** VHS's motion to dismiss **AS MOOT**.

# I[1]

Johnson is a resident of Detroit, Michigan. (*See* Compl. at ¶4, ECF #1 at Pg. ID 2.) VHS is a hospital group headquartered in Plymouth, Michigan. (*See id.* at ¶5, Pg. ID 2.) VHS "regularly uses the mail and/or telephone to collect or attempt to collect debts owed or due by consumers across the country." (*Id.*)

Johnson alleges that in 2016, VHS began calling her on her cellular phone. (*See id.* at ¶8, Pg. ID 2.) VHS told Johnson that "it [was] seeking to collect upon an outstanding medical debt […] owed by an individual named 'Wanda.'" (*Id.* at ¶13, Pg. ID 3.) Johnson did not owe a debt to VHS and was "unfamiliar with any individual [named Wanda]." (*Id.* at ¶14, Pg. ID 3.) Johnson told VHS that it had the wrong phone number, and she asked VHS to "remove her phone number from its calling list and to stop contacting her." (*Id.*) VHS nonetheless continued to call Johnson in an attempt to collect the debt owed by Wanda. (*Id.* at ¶¶ 15-16, Pg. ID 3.) Johnson says she received "not less than 48 phone calls" from VHS related to Wanda's unpaid debt. (*Id.* at ¶18, Pg. ID 3.)

# II

Johnson filed this action on December 22, 2017. (*See* ECF #1.) In her Complaint, she seeks damages related to VHS's repeated phone calls. (*See id.*) In Count I of the Complaint, Johnson alleges that VHS violated the federal TCPA. (*See*

---

[1] The facts in this section are drawn from the allegations in Complaint.

*id.* at ¶¶ 23-28, Pg. ID 4-5.) In Count II, she alleges that VHS violated three provisions of Section 2 of the MCPA: Mich. Comp. Laws § 445.252(f)(ii), (n), and (q). (*See* Compl. at ¶¶ 33-39, Pg. ID 5-7.) In relevant part, those provisions state that "[a] regulated person shall not commit" the following acts:

> (f) Misrepresenting in a communication with a debtor …. (ii) the legal rights of the creditor or debtor.

> \*\*\*

> (n) Using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor. All communications shall be made from 8 a.m. to 9 p.m. unless the debtor expressly agrees in writing to communications at another time. All telephone communications made from 9 p.m. to 8 a.m. shall be presumed to be made at an inconvenient time in the absence of facts to the contrary.

> \*\*\*

> (q) Failing to implement a procedure designed to prevent a violation by an employee.

Mich. Comp. Laws § 445.252(f)(ii), (n), and (q). Johnson insists that VHS violated these provisions when it "continue[d] to contact [her] cellular phone absent the lawful ability to do so." (Compl. at ¶¶ 30, 34, ECF #1 at Pg. ID 5-6.)

VHS moved to dismiss Johnson's MCPA claims pursuant to Federal Rule of Civil Procedure 12(b)(6) on January 25, 2018. (*See* ECF #10.) On March 13, 2018,

3

the Court entered a notice informing the parties that it would decide VHS's motion without oral argument. (*See* ECF #14.)

### III

Johnson asserts that the Court has supplemental jurisdiction over her state-law MCPA claims pursuant to 28 U.S.C. § 1367. (*See* Compl. at ¶2, ECF #1 at Pg. ID 1.) This statute provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003) (internal quotation marks omitted) (affirming district court's refusal to assert supplemental jurisdiction). *See also Pinney Dock & Transport Co. v. Penn Cent. Corp.*, 196 F.3d 617, 620 (6th Cir. 1999) (recognizing that district courts have "broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims"). "District courts may decline to exercise supplemental jurisdiction over a claim" where:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)-(4).

**IV**

The Court declines to exercise supplemental jurisdiction over Johnson's MCPA claims because the claims raise novel and complex issues of Michigan law. These difficult issues relate to whether Johnson has statutory standing to pursue her state-law claims.

VHS argues that Johnson lacks standing. (*See* Mot., ECF #10 at Pg. ID 30-32.) More specifically, VHS asserts that (1) in order to state a viable claim under the MCPA, Johnson must be a "consumer" or "debtor" as the MCPA defines those terms, (2) the MCPA defines a "consumer or debtor" as "an individual who is obligated or allegedly obligated to pay a debt," Mich. Comp. Laws 445.251(1)(d), and (3) Johnson does not fall within that definition because she was not obligated or allegedly obligated to pay the debt about which she was called. (*See id.*)

But it is not clear that the protections provided by Mich. Comp. Laws §§ 445.252(f)(ii), (n), and (q) are limited to "consumers" or "debtors." Indeed, one of those provisions appears to prohibit certain abusive practices aimed at "a person," *see* Mich. Comp. Laws § 445.252(n) – a term the MCPA defines as "an individual,

5

sole proprietorship, partnership, association, corporation, limited liability company, or other legal entity." Mich. Comp. Laws § 445.251(f). Another one of the provisions appears directed at the internal affairs of a regulated entity and does not mention a "debtor" or "consumer" at all. *See* Mich. Comp. Laws § 445.252(q).

The question of whether Johnson has standing to assert claims for alleged violations of Mich. Comp. Laws § 445.252(f)(ii), (n), and (q) is further complicated by the fact that the MCPA provision that creates a private cause of action is not limited to "consumers" and "debtors." *See* Mich. Comp. Laws § 445.257(1). Instead, it provides that "[a] *person* who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for damages or other equitable relief." Mich. Comp. Laws § 445.257(1) (emphasis added).

It does not appear that any court has considered or analyzed whether an individual in Johnson's position may properly prosecute claims for alleged violations of Mich. Comp. Laws § 445.252(f)(ii), (n), and (q). Moreover, neither party has cited any analogous decisions that provide relevant guidance on this question.[2] Thus, in addition to being complex, the statutory standing issue here is novel.

---

[2] Both sides invoke the decision in *Teague v. Mary Jane M. Elliot, P.C.*, 2015 WL 400969 (E.D. Mich. Jan. 28, 2015), in support of their respective positions. But

The Court concludes that the Michigan state courts should resolve the new and challenging statutory interpretation questions underlying Johnson's MCPA claims. Accordingly, the Court will decline to exercise supplemental jurisdiction over Johnson's MCPA claims and dismiss them without prejudice so that Johnson can re-file them in state court.

V

For all of the reasons stated above, **IT IS HEREBY ORDERED** that Johnson's state-law MCPA claims brought in Count II of her Complaint are **DISMISSED WITHOUT PREJDUICE**, and VHS's motion to dismiss those claims (ECF #10) is **TERMIANTED AS MOOT**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 21, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 21, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

---

*Teague* did not address the type of statutory standing question at issue here. Instead, the court in *Teague* found a lack of Article III standing.